UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

REYNOSO ENMANUEL,

              Plaintiff,

v.

FIRST PREMIER BANK and EXPERIAN INFORMATION SOLUTIONS, INC.,

              Defendants.

**MEMORANDUM & ORDER**
23-CV-00198 (HG)

**HECTOR GONZALEZ**, United States District Judge:

      Plaintiff has asserted a claim under the Fair Credit Reporting Act ("FCRA") against Defendant First Premier Bank, pursuant to 15 U.S.C. § 1681s-2(b), for failing reasonably to investigate a debt that Plaintiff alleges he did not owe but that First Premier Bank was nevertheless reporting to credit reporting agencies. ECF No. 1 ¶¶ 43–49. Plaintiff has also asserted claims against Defendant Experian Information Solutions, Inc. ("Experian"), pursuant to 15 U.S.C. § 1681i and analogous provisions of New York's Fair Credit Reporting Act, for failing reasonably to investigate the same debt yet including the debt in Plaintiff's credit report. *Id.* ¶¶ 50–62. For the reasons set forth below, the Court grants Plaintiff leave to amend his complaint for the purpose of alleging facts that demonstrate that Plaintiff has Article III standing to assert his claims.

**PROCEDURAL HISTORY**

      Since Plaintiff's complaint does not identify specific instances when Experian disseminated to third parties credit reports containing Plaintiff's disputed debt or specific instances when Plaintiff unsuccessfully applied for new forms of credit, the Court ordered Plaintiff to explain how his complaint adequately alleges a concrete harm required to establish

Article III standing according to the standard expressed by the Supreme Court in *TransUnion LLC v. Ramirez*, 141 S. Ct. 2190 (2021), and the Second Circuit in *Maddox v. Bank of N.Y. Mellon Tr. Co., N.A.*, 19 F.4th 58 (2d Cir. 2021).  ECF No. 15.  Alternatively, the Court directed Plaintiff to propose an amended complaint that attempted to correct any standing deficiencies.  *Id.*

Plaintiff has made multiple submissions in response to the Court's order, including a proposed amended complaint.  *See* ECF Nos. 16, 20, 27.  These submissions allege that, based on materials that Defendants have produced in discovery, Experian has disseminated Plaintiff's allegedly inaccurate credit report to dozens of parties, including non-party Ally Financial, which subsequently denied Plaintiff's application to refinance a car loan.  *See* ECF Nos. 20, 27.  Both Defendants have objected to Plaintiff's request for leave to amend his complaint and argued that Plaintiff has failed to demonstrate standing, although First Premier Bank has expressly stated that it does not intend to move to dismiss Plaintiff's complaint if given the opportunity to do so.  *See* ECF Nos. 18, 23.

The Court deems it appropriate to decide this issue based on the parties' letters without requiring additional briefing and a formal motion.  Since the Court is granting Plaintiff leave to amend and denying Defendants' requests to dismiss Plaintiff's complaint, the Court's decision is not dispositive of Plaintiff's claims.  *See Int'l Code Council, Inc. v. UpCodes Inc.*, 43 F.4th 46, 54 (2d Cir. 2022) (describing the circumstances under which the Second Circuit has approved of district courts resolving legal issues based on pre-motion letters).[1]  The Court deems further briefing to be unnecessary to address Defendants' arguments in light of Experian's detailed

---

[1] Unless noted, case law quotations in this order accept all alterations and omit internal quotation marks, citations, and footnotes.

2

letter, *see* ECF No. 18, and First Premier Bank's express disclaimer of any desire to submit further briefing, *see* ECF No. 23.

## **LEGAL STANDARD**

Rule 15 requires Plaintiff to receive permission from either Defendants or the Court to amend his complaint more than 21 days after either serving his original complaint or receiving Defendants' answer or a motion to dismiss. Fed. R. Civ. P. 15(a)(2). "Federal Rule of Civil Procedure 15(a) provides that courts should freely give leave to amend when justice so requires. A district court may in its discretion deny leave to amend for good reason, including futility, bad faith, undue delay, or undue prejudice to the opposing party." *Bensch v. Est. of Umar*, 2 F.4th 70, 81 (2d Cir. 2021). "Futility is a determination, as a matter of law, that proposed amendments would fail to cure prior deficiencies or to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure." *Olson v. Major League Baseball*, 29 F.4th 59, 72 (2d Cir. 2022).

The Supreme Court emphasized in *TransUnion* that plaintiffs must establish standing by demonstrating a "concrete harm" with "a close historical or common-law analogue for their asserted injury," rather than merely a "defendant's violation of [a] statutory prohibition or obligation" established by Congress. *TransUnion*, 141 S. Ct. at 2204–05. The Court explained that Congress cannot "enact an injury into existence" simply by passing a statute—in that case the FCRA—that affords an otherwise "uninjured plaintiff" the right to sue for statutory damages. *Id.* at 2205–06. The Second Circuit has extended *TransUnion's* "concrete harm" requirement to state law claims, such as Plaintiff's claims under New York's Fair Credit Reporting Act, and held "that in suits for damages plaintiffs cannot establish Article III standing by relying entirely on a statutory violation or risk of future harm." *Maddox*, 19 F.4th at 64.

3

The Supreme Court applied the "concrete harm" standard in *TransUnion* to hold that certain class members asserting FCRA claims had standing while others did not. *TransUnion*, 141 S. Ct. at 2207–14.  First, the Court held that class members "whose reports were disseminated to third-party businesses" and contained "misleading" information had standing because they "suffered a harm with a close relationship to the harm associated with the tort of defamation." *Id.* at 2208–09.  On the other hand, class members whose credit files contained misleading information but were never disseminated to third parties did not have standing because "[t]he mere presence of an inaccuracy in an internal credit file, if it is not disclosed to a third party, causes no concrete harm." *Id.* at 2209–10.  Notably, however, the class members in *TransUnion* were suing only for damages, and the Court left open the possibility that the risk of future dissemination by a defendant maintaining an inaccurate credit report might be sufficient to support standing for a claim for injunctive relief. *Id.* at 2210–11.  Finally, the Court held that certain class members who received letters from their credit reporting agency that did not comply with the formatting requirements of the FCRA lacked standing because they merely established that they were "deprived . . . of their right to receive information in the format required by statute" without any further harm. *Id.* at 2213–14.

## DISCUSSION

The Court deems it proper to grant Plaintiff leave to amend his complaint.  Neither Defendant has argued that Plaintiff has exhibited bad faith or undue delay or that an amendment at this stage of the litigation would prejudice them. *See* ECF Nos. 18, 23.  Nor has the Court found any reason to dismiss Plaintiff's complaint on those grounds.  The litigation is in its early stages—the parties have not even reached the midpoint of the fact discovery period set by the Court, *see* ECF No. 14—and Plaintiff promptly proposed amendments to his complaint in

4

response to the Court's order that raised the standing issue.  Additionally, Plaintiff will not expand the scope of his claims by amending his complaint merely to identify specific examples of concrete harms that he suffered.  Defendants therefore will not be prejudiced by Plaintiff's proposed amendments through more burdensome discovery obligations or in any other conceivable form.

The only potential ground on which to deny Plaintiff leave to amend would be futility, but the Court has concluded that Plaintiff's proposed amendments are not futile.  Plaintiff has identified specific instances in which Experian purportedly disseminated to third parties his credit report, which listed the allegedly fraudulent debt owed to First Premier Bank.  ECF No. 27.  Plaintiff has further identified at least one instance in which he was denied credit by a party who received a credit report from Experian.  ECF Nos. 20, 27.  The Supreme Court in *TransUnion* specifically identified the dissemination of a misleading credit report or "a denial of credit" as examples of events that would constitute a concrete harm.  *See TransUnion*, 141 S. Ct. at 2211; *see also Tescher v. Experian Info. Sols., Inc.*, No. 21-cv-2266, 2022 WL 564048, at *5 (S.D.N.Y. Feb. 23, 2022) (holding that errors in credit report that, among other things, resulted in plaintiff's "difficulty obtaining a mortgage" were sufficient to confer standing).  Additionally, since Plaintiff's complaint demands injunctive relief, the Court finds that the evidence revealed during discovery of numerous instances when Plaintiff's credit report was disseminated to third parties is sufficient to suggest that such dissemination is likely to recur in the future, thereby providing standing for Plaintiff's claim for injunctive relief.

## **CONCLUSION**

For the reasons set forth above, Plaintiff's proposed amendments to his complaint are not futile and are sufficient to allege a basis for Article III standing.  However, since "[a] plaintiff

5

must demonstrate standing with the manner and degree of evidence required at the successive stages of the litigation," *see TransUnion*, 141 S. Ct. at 2208, this decision is without prejudice to Defendants challenging Plaintiff's standing at the summary judgment stage or at trial if the evidentiary record compiled during discovery demonstrates that Plaintiff's allegations of concrete harm are inaccurate or insufficient. Plaintiff shall file an amended complaint no later than April 28, 2023, and Defendants shall file their answers to Plaintiff's amended complaint no later than May 19, 2023.

       SO ORDERED.

                                                   */s/ Hector Gonzalez*
                                                  HECTOR GONZALEZ
                                                  United States District Judge

Dated: Brooklyn, New York
        April 20, 2023